IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOSEPH AYCOCK                                                                                    PLAINTIFF

V.                                                                                    CASE NO. 4:04CV348

AQUA PRO CORP., et al                                                                       DEFENDANTS

## ORDER

This cause comes before the court on defendant Audubon Insurance Company's motion [19-1] for summary judgment. The motion was filed on May 30, 2006, and the plaintiff failed to respond. On November 17, 2006, this court entered an order requiring the plaintiff to respond to the defendant's motion within ten days of entry of the order. Nonetheless, the plaintiff has still failed to respond. However, summary judgment cannot be supported on the ground that the plaintiff failed to respond to a defendant's motion for summary judgment. *John v. State of LA (Board of Trustees for State Colleges and Universities)*, 757 F.2d 698, 709 (5th Cir. 1985). This court now examines the defendant's motion on its merits.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves*

*v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000).  In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe.  *Reeves*, 120 S.Ct. at 2110.  However, the court will assume that the movant's facts as claimed and supported by admissible evidence are admitted to exist without controversy, unless controverted in an opposing statement of genuine issues which is supported by proper summary judgment evidence. *Andrews v. Texas Park & Wildlife Dept.*, 196 F.Supp. 2d 424, 426 (2001).

Audubon Insurance Company has put into evidence the three insurance policies issued to Aqua Pro Corporation. A plain reading of the language in the policies indicate that the policies do not provide coverage for the injuries alleged by Mr. Aycock in his complaint.  As the policies are uncontroverted, the court finds that the defendant's motion [19-1] is GRANTED.

This the 5th day of December, 2006.

                                             **/s/ Michael P. Mills**
                                             **UNITED STATES DISTRICT JUDGE**